Hemphill, Cli. J.
In the ease of Dnnman v. Strather (1 Tex. R., 89) it was decided that wagers are not illegal merely as wagers. They are *228 illegal only when they are forbidden by statute, or when they militate against morality, public policy, or decency, or tend to the injury of third persons and form an inducement to a breach of the peace. The definition was acknowledged tó be vague; but several eases were referred to as'illustrative of the particular wagers included within the scope of the definition. (Cowp. R., 279; 1 T. R., 56-60; 3 Id., 693; 2 Id., 610.)
Note SO.—Kirkland v. Randon, 8 T., 10; Crump v. Secrest, 9 T., 260; Pierce v. Randolph, 12 T., 290; Bailes v. Williams, 13 T., 318; Armstrong v. Parchman, 42 T., 185.
It was also shown that wagers on horse-racing were never, at common law, deemed illegal. By statute in England wagers on horse-races above a specified sum are declared to be void. But wagers under that sum are and have always been enforced as valid contracts. They are voidable as other contracts if they be not fair or if fraud arid deceit mingle in the transaction. (N. & Mc. 14., 180; 4 McCord R., 211; 2 Wils. R., 309.)
The authority of this decision and of the law was, we presume, not controverted by the presiding judge, for no one lias a more thorough, knowledge of the structure of republican forms of governments or of the 'distribution of their powers; and that under such forms it is an axiom beyond dispute that the province of the judicial power is to expound and apply and not to originate or abrogate the laws.
From the brief of the appellant it is presumed that the charge was founded on the provision of the act of 184S concerning crimes and punishments (Art. Dig., 1477) which declares that persons concerned in betting at any gaming table, bank or banks, mentioned in the preceding section, or at any other gambling device whatever, shall, upon conviction thereof by iudictment, he fined in any sum not less that ten nor more than fifty dollars; and it is supposed Unit liorse-racing is included under the vague generality of any other gambling device whatever.
It will not he necessary to enter into an extended argument to show that liorse-racing is not within the intent of the law. The phrase “any other gambling device whatever ” has, in the case of Croww. The State, (decided at this term,) received a construction and been restricted to appropriate limits. In that ease the defendant was iudioted for betting on a game of tenpins, on the ground that such game was included under the phrase “gambling device.” And it was held to be .very questionable whether the expression “other gambling device whatever” was sufficiently definite to support an indictment, and that they were intended, most probably, to have reference to such device as changed the name of the bank or table without any essential change in the game to be played; that it was not a reasonable presumption that games known for centuries by the names they bear would be included under the vague expression of “gambling device.”
This reasoning applies with full force to the game of liorse-racing, if game it can be called. It is, at least, an unusual application if not a misapplication of the term. The sport of liorse-racing has for centuries been known by its distinctive designation. It is not prohibited by tlio law of the land, and it is understood that all attempts in the legislature for that purpose have failed; .and it cannot be presumed that a prohibition against this well-known sport would lurk'under the disguise and cloak of the vague phrase “gambling device,” and this in a statute in which certain games were prohibited by name. Betting upon them was also declared to be criminal; and the allegations of an indictment for the offenses described in the act were prescribed and particularly Specified. But no instruction was given for an iudictment against the offense of betting at any other gambling device, and no such iudictment was contemplated unless the device be of the character defined in the opinion of Crow v. The State, previously cited.
The judgment is reversed and the cause is ordered to be remanded for a new trial.
Judgment reversed.